UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARCANTHONY MCLEAN, on behalf of himself,
individually, and on behalf of all others similarly-situated,

                              **COMPLAINT**

            Plaintiff,

                              **Docket No.:** 19-cv-864

   -against-

                              Jury Trial Demanded

CORNUCOPIA LOGISTICS, LLC,

           Defendant.
------------------------------------------------------------------------X

      Plaintiff, MARCANTHONY MCLEAN ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as that term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against CORNUCOPIA LOGISTICS, LLC ("Defendant"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## **NATURE OF CASE**

     1.     This is a civil action for damages and equitable relief based upon violations that Defendant committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iv) the minimum wage provisions of the NYLL and the NYCRR, NYLL § 652; 12 NYCRR § 142-2.1; (v) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (vi) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of

1

accurate information, NYLL § 195(1); (vii) the NYLL's requirements that employers pay wages to their employees not less frequently than on the regularly scheduled payday in accordance with the terms and conditions of employment, NYLL § 191(1)(d); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendant - - a Long Island-based delivery company - - as a delivery driver from December 2017 until July 15, 2018. As described below, from January 2018 until the end of his employment, ("the relevant period"), Defendant willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, throughout the relevant period, Defendant required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours each week or virtually each week, yet Defendant paid him a flat daily rate for each day worked regardless of how many hours he worked per day or per week, and thus failed to compensate Plaintiff at the statutorily-required overtime rate for all hours that he worked per week in excess of forty, in violation of the FLSA's and the NYLL's overtime provisions.

3. Plaintiff's hourly wage also fell below the minimum that either the FLSA or the NYLL require for many weeks during the relevant period, resulting in minimum wage violations under both statutes.

4. Additionally, Defendant failed to provide Plaintiff with any wage statements on each payday or with any wage notice at the time of Plaintiff's hire, let alone accurate ones, both as the NYLL requires, and failed to pay Plaintiff in accordance with the agreed upon terms and conditions of his employment by failing to pay him for many of his hours worked each week both below and above forty at all, and thus not by the regularly-scheduled weekly payday.

5. Defendant paid and treated all of its delivery drivers in this same manner.

6. Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendant's violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts in to this action.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9. At all relevant times herein, Plaintiff worked for Defendant in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times herein, Defendant was and is a New York limited liability company with its principal place of business located at 201 Grumman Road West, Bethpage, New York 11714.

11. At all relevant times herein, Defendant was an "employer" within the meaning of the FLSA and the NYLL. Additionally, Defendant's qualifying annual business exceeded and exceeds $500,000.00, and Defendant was and is engaged in interstate commerce within the meaning of the FLSA, as it employs two or more employees, operates a business that delivers

packages that have moved across state lines, and accepts credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Defendant to the FLSA's overtime and minimum wage requirements as an enterprise.

## **COLLECTIVE ACTION ALLEGATIONS**

12. Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime and/or minimum wage compensation, and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, as well as on behalf of those in the following collective:

> Current and former delivery drivers of Defendant, who at any time during the applicable FLSA limitations period, performed any work for Defendant, and who consent to file a claim to recover damages for overtime compensation and/or minimum wages and liquidated damages that are legally due to them ("FLSA Plaintiffs").

13. Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty and/or at least at the statutorily-required minimum rate of pay for all hours worked.

14. At all relevant times herein, Defendant is and has been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek beyond forty and at least at the statutorily-required minimum rate of pay for all hours worked, yet it purposefully chose and chooses not to do so.

4

15. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek beyond forty and/or at least at the statutorily-required minimum rate of pay for all hours worked, in violation of the FLSA.

**BACKGROUND FACTS**

16. Defendant is a delivery company located at 201 Grumman Road West, Bethpage, New York 11714, which delivers packages to corporate and private residences throughout Long Island, New York City, and surrounding counties, all within New York.

17. Plaintiff worked for Defendant as a delivery driver from December 2017 until July 15, 2018.

18. Throughout his employment, Plaintiff's primary duties consisted of loading his truck each day, making deliveries to the locations that Defendant provided, which were primarily on Long Island, carrying boxes from the truck to the delivery location by hand, and communicating with drivers and Defendant's dispatcher to ensure prompt delivery. The substantial majority of Plaintiff's deliveries were performed in a Dodge Caravan, a vehicle weighing less than 10,000 pounds.

19. Throughout his employment, Defendant required Plaintiff to work, and Plaintiff did typically work, five days per week, from 7:00 a.m. to 8:00 p.m. without a scheduled or uninterrupted break each day, for a total of sixty-five hours per week.

20. Throughout the relevant period, Defendant paid Plaintiff at the flat rate of $130.00 per day, regardless of the amount of hours that Plaintiff worked that day or in a week. Additionally, Defendant occasionally paid Plaintiff an additional amount for arriving at work on time, working on the weekend, or completing his route on time. The amount of additional pay ranged between

$5.00 and $45.00 per day, regardless of the amount of hours that Plaintiff worked in a day or in a week.

21. At no point during the relevant period did Defendant provide Plaintiff with an overtime premium for his hours worked each week in excess of forty.

22. Further, for some days of work, Defendant failed to pay Plaintiff at all.

23. By way of example only, during the week of June 16 through June 22, 2018, Defendant required Plaintiff to work, and Plaintiff did in fact work, the following schedule:

    Saturday, June 16, 2018: 7:00 a.m. to 8:00 p.m.;

    Sunday, June 17, 2018: Off;

    Monday, June 18, 2018: Off;

    Tuesday, June 19, 2018: 7:00 a.m. to 8:00 p.m.;

    Wednesday, June 20, 2018: 7:00 a.m. to 8:00 p.m.;

    Thursday, June 21, 2018: 7:00 a.m. to 8:00 p.m.;

    Friday, June 22, 2018: 7:00 a.m. to 8:00 p.m.

Thus, Plaintiff worked a total of sixty-five hours during this week. For his work during this week, Defendant paid Plaintiff the following amounts for each day of work on Plaintiff's regularly scheduled payday for this pay period:

    Saturday, June 16, 2018: $175.00;

    Tuesday, June 19, 2018: $0.00;

    Wednesday, June 20, 2018: $140.00;

    Thursday, June 21, 2018: $140.00;

    Friday, June 22, 2018: $0.00.

Thus, Defendant paid Plaintiff $455.00 during this workweek, which yields a rate of $7.00 per hour. Thus, Defendant paid Plaintiff below the applicable FLSA and NYLL minimum wage for every hour that he worked this week, did not pay him an overtime premium for any hours that he worked during this week over forty, and did not pay him at all for his work performed on June 19 or June 22, 2018.

24. Defendant paid Plaintiff on a weekly basis.

25. On each occasion when Defendant paid Plaintiff, Defendant failed to provide Plaintiff with any wage statement, let alone one that accurately listed, *inter alia*, Plaintiff's actual hours worked for that workweek or his accurate statutorily-required regular or overtime rates of pay for all hours worked.

26. Additionally, Defendant did not provide Plaintiff with any wage notice at the time of his hire, let alone one that accurately contained, *inter alia*: Plaintiff's rate or rates of pay and basis thereof; whether Plaintiff would be paid by the hour, salary, or in another manner; allowances, if any, claimed as part of the minimum wage, including tip or meal allowances; the regular payday designated by Defendant in accordance with the NYLL; the name of Defendant; any "doing business as" names used by Defendant; the physical address of Defendant's main office or principal place of business, and a mailing address if different; and Defendants' telephone number.

27. Defendant treated Plaintiff and FLSA Plaintiffs in the manner described above.

28. Defendant acted in the manner described herein so as to maximize its profits while minimizing its labor costs and overhead.

29. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendant's benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime Under the FLSA*

30. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

32. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

33. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a week, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

34. Defendant willfully violated the FLSA.

35. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

36. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Minimum Wages Under the FLSA*

37. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38. 29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

39. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

40. As also described above, Defendant did not compensate Plaintiff and FLSA Plaintiffs at least at the minimum hourly rate required by the FLSA for all hours worked.

41. Defendant willfully violated the FLSA.

42. At the least, Plaintiff and FLSA Plaintiffs are entitled to the minimum rate of pay required by the FLSA for all hours worked.

43. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's minimum wage provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime Under the NYLL and the NYCRR*

44. Plaintiff, and any FLSA Plaintiff who opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

46. As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff, and any FLSA Plaintiff who opts in to this action, are employees within the meaning of the NYLL and the NYCRR.

47. As also described above, Plaintiff, and any FLSA Plaintiff who opts in to this action, worked in excess of forty hours in a week, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

48. Plaintiff, and any FLSA Plaintiff who opts in to this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

49. Plaintiff, and any FLSA Plaintiff who opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's overtime provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Minimum Wages Under the NYLL and the NYCRR*

50. Plaintiff, and any FLSA Plaintiff who opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. NYLL § 652 and 12 NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

52. As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff, and any FLSA Plaintiff who opts in to this action, are employees within the meaning of the NYLL and the NYCRR.

53. As also described above, Defendant did not compensate Plaintiff, and any FLSA Plaintiff who opts in to this action, at least at the minimum hourly rate required by the NYLL and the NYCRR for all hours worked.

54. At the least, Plaintiff, and any FLSA Plaintiff who opts in to this action, are entitled to the minimum rate of pay required by the NYLL and NYCRR for all hours worked.

55. Plaintiff, and any FLSA Plaintiff who opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's minimum wage provisions.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

56. Plaintiff, and any FLSA Plaintiff who opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

58. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, and any FLSA Plaintiff who opts in to this action, are employees within the meaning of the NYLL.

59. As also described above, Defendant, on each payday, failed to furnish Plaintiff, and any FLSA Plaintiff who opts in to this action, with any wage statements, let alone ones that accurately contained the criteria required under the NYLL.

60. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, and any FLSA Plaintiff who opts in to this action, in the amount of $100.00 for each workweek that the violations occurred, up to a statutory cap of $2,500.00.

61. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, and any FLSA Plaintiff who opts in to this action, in the amount of $250.00 for each workday after the violations initially occurred, up to a statutory cap of $5,000.00.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

62. Plaintiff, and any FLSA Plaintiff who opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

64. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, and any FLSA Plaintiff who opts in to this action, are employees within the meaning of the NYLL.

65. As also described above, Defendant failed to furnish Plaintiff, and any FLSA Plaintiff who opts in to this action, with any wage notice at hire, let alone one that accurately contained all of the criteria required under the NYLL.

66. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff, and any FLSA Plaintiff who opts in to this action, in the amount of $50.00 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.00.

67. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff, and any FLSA Plaintiff who opts in to this action, in the amount of $50.00 for each workday after the violations initially occurred, up to a statutory cap of $5,000.00.

### **SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Pay Timely Wages in Violation of the NYLL*

68. Plaintiff, and any FLSA Plaintiff who opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69. NYLL § 191(1)(d) requires employers to pay all workers their earned wages in accordance with the agreed terms of employment, but not less frequently than on regular paydays as designated in advance by the employer.

70. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, and any FLSA Plaintiff who opts in to this action, are employees within the meaning of the NYLL.

71. As also described above, Defendant failed to compensate Plaintiff, and FLSA Plaintiff who opts in to this action, in accordance with the agreed terms of employment by failing, in addition to their unpaid overtime hours, to pay them for many of their hours worked each week at any point, let alone by the regularly scheduled payday designated in advance by Defendant in accordance with the terms and conditions of their employment.

72. As a result of Defendant's failure to pay Plaintiff, and any FLSA Plaintiff who opts in to this action, all of their earned wages in a timely manner, Plaintiff, and any FLSA Plaintiff who opts in to this action, are entitled to all unpaid wages, liquidated damages, interest, and attorneys' fees.

## **DEMAND FOR A JURY TRIAL**

73. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with

them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

  c. An order restraining Defendant from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form in this litigation;

  d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendant's unlawful payment practices;

  f. Liquidated damages and any other statutory penalties as recoverable under the FLSA, the NYLL, and the NYCRR;

  g. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

  h. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

  i. Pre-judgment and post-judgment interest, as provided by law; and

j. Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
February 13, 2019

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
655 Third Avenue, Suite 1821
New York, New York 10017
Tel. (212) 679-5000
Fax. (212) 679-5005

By: _____
JEFFREY R. MAGUIRE (JM 4821)
ALEXANDER T. COLEMAN (AC 8151)
MICHAEL J. BORRELLI (MB 8533)